UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND

Civil Action No. 05-cv-19-HRW

LINDA LITTERAL,                                              PLAINTIFF,

v.                    **MEMORANDUM OPINION AND ORDER**

JO ANNE B. BARNHART
COMMISSIONER OF SOCIAL SECURITY,              DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

**II.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff filed her current application for disability insurance benefits on July 9, 2002, alleging disability beginning on April 15, 2001, due to surgery on both of her shoulders, a torn rotator cuff, carpal tunnel syndrome, ulnar nerve root entrapment, degenerative disc disease, osteoporosis, narcolpesy, constant pain, memory loss and sleep difficulties (Tr. 19-20). This application was denied

1

initially and on reconsideration. On September 29, 2003, an administrative hearing was conducted by Administrative Law Judge Andrew Chwalibog (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified (Tr. 37-49). At the hearing, Melissa Glannon, a vocational expert (hereinafter "VE"), also testified (Tr. 49-52).

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On November 21, 2003, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 19-27). Plaintiff was 54 years old at the time of the hearing decision (Tr. 19). She has a high school education (Tr. 19). Her past relevant work experience consists of work as an assignment specialist for Verizon (Tr. 19).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff has not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 20). The ALJ then determined, at Step 2, that Plaintiff suffered from diabetes mellitus, obesity, fibromyalgia and status-post shoulder surgery, which he found to be "severe" within the meaning of the Regulations (Tr. 21). At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 21). In doing so, the ALJ specifically considered listings 1.02, 9.08 and 11.00 (Tr. 21). The ALJ further found that Plaintiff could not return to her past relevant work (Tr. 26) but determined that she has the following residual functional capacity ("RFC"):

> She is able to alternate between standing and sitting when she finds it necessary. The claimant can never climb ladders, ropes or scaffolds and can occasionally crawl, climb ramps or stairs and stoop. She cannot perform any overhead reaching with her right upper extremity or perform any repetitive gripping or flexion of the right upper extremity. The claimant must avoid all exposure to vibration.

(Tr. 26).

Based upon this RFC, the ALJ, relying upon testimony of the VE, concluded that the Plaintiff could perform a significant range of light work, such as inspector, order clerk and bench work laborer (Tr. 25). The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 25). Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on December 4, 2004 (Tr. 5-7).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 9 and 10] and this matter is ripe for decision.

### III. ANALYSIS

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by

substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

 Plaintiff's sole contention on appeal is that the ALJ improperly discounted the opinion of one of her treating physician, Dr. Ben O'Dell. It is well established that in order to be given controlling weight, the opinions of a treating source on issues involving the nature and severity of a claimant's impairments must be well supported by medically acceptable clinical and laboratory diagnostic techniques, and be consistent with other substantial evidence in the case record. 20 C.F.R. § 416.927(d)(2). Such opinions receive deference only if they are supported by sufficient medical data. *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985).

 In this case, the ALJ found the opinion of Dr. O'Dell to be unsupported by the requisite medical data and inconsistent with the other medical evidence of

5

record. The ALJ explained that although Dr. O'Dell submitted a Physical Capacity Evaluation, which contained severe functional restrictions (Tr. 403-405), his opinion was based in large part upon Plaintiff's subjective complaints as opposed to clinical and/or diagnostic testing (Tr. 24). For example, the ALJ noted that the report itself seems to justify the severe limitations contained therein upon the mere finding of shortness of breath and fatigue (Tr. 404). Further, the ALJ commented that Dr. O'Dell's own treatment notes revealed little in the way of objective findings which would justify such stringent functional limitations. Moreover, there appears to be a gap of almost six months between Dr. O'Dell's evaluation and his last examination of the Plaintiff (Tr. 347-348 and 404-405). As such, the ALJ afforded Dr. O'Dell's opinion little weight (Tr. 24).

In addition, the ALJ found that Dr. O'Dell's opinion was inconsistent with the other medical evidence of record. For example, in September 2003, Dr. Matthew Samuel noted multiple trigger points as well as crepitus in her knees and tenderness in her spine, arms and thighs, but reported that Plaintiff's neurological exam for higher functions was normal and that there were no motor, sensory or reflex deficits (Tr. 24, 397). Further, Dr. Rita Ratliff, a consultative medical examiner, noted that she could not comment on Plaintiff's functional capacity as Plaintiff gave a suboptimal effort on exam with no obvious effort on the strength

testing (Tr. 23, 308-309). The Court finds that the ALJ gave ample, sound reasons for discounting the opinion of Dr. O'Dell.

With regard to Plaintiff's argument that the ALJ should have recontacted Dr. O'Dell to obtain additional information and clarification of his opinion, the ALJ was under no compulsion to do so under the regulations. *See* 20 C.F.R. 404.1512(e). Indeed, the ALJ had a full record before him, considered the opinions of various medical sources, treating and otherwise, and formulated the RFC based upon the same. The Court finds no error in the ALJ's assessment of the evidence. To the contrary, his decision appears to be based upon substantial evidence on the record as a whole.

### III. CONCLUSION

Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This July 18, 2005.



Signed By:
Henry R Wilhoit Jr.
United States District Judge

8